[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR NONSUIT
I.
The present case involves litigation over the alleged CT Page 5874 release of confidential information concerning the plaintiff's HIV status. General Statutes 19a-581 et. seq. sets forth rules concerning disclosure. The plaintiff has brought the instant suit claiming a violation of this statute and others, maintaining that she has suffered damage to her reputation, severe mental distress and physical manifestations of that distress. Additionally, the plaintiff argues that one of the defendants intended to inflict emotional distress and that she suffered extreme emotional distress.
The instant issue involves a motion for nonsuit filed by the defendant Dionisio Flores, M.D. against the plaintiff for her failure to provide full and accurate responses to the following request for production:
 All records, memorandums, notes or other documents of all physicians or other individuals and hospitals who treat the plaintiff in connection with the injuries alleged to have been suffered in the Complaint including but not limited to the therapist identified in the plaintiff's responses to Interrogatories and Requests for Production. (sic).
While the plaintiff has provided the records of her treating social worker, certain portions of the social worker's notes were redacted. The defendant submits that the entire portion of the social worker's records are relevant to this case because the plaintiff has made a claim for both emotional and mental distress and injury.
The plaintiff asserts that the nonsuit should not be granted because the defendant is not entitled to the plaintiff's confidential discussions with her social worker on matters unrelated to the issues raised in her complaint.
 II.
The legislature addressed the issue of confidential communications made to therapists, etc. in P.A. 92-225, now Conn. Gen. Stat. 52-146q. That statute provides, in pertinent part,
Communications and records [of a social CT Page 5875 worker] may be disclosed in a civil proceeding in which the person introduces his mental condition as an element of his claim or defense. . . For any disclosure under this subdivision, the court shall find that it is more important to the interests of justice that the communications and records be disclosed than that the relationship between the person and the social worker be protected.
Conn. Gen. Stat. 52-146q(c)(4).
Discovery is allowed if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. (Practice Book 218). It can be limited or restricted by a claim of privilege. If, as the plaintiff asserts, the redacted portions of the notes are unrelated to the injuries alleged in the complaint, the interests of justice may not require disclosure. Having not reviewed the originals of the redacted documents, this court is not, at the present time, able to make this determination.
Accordingly, the plaintiff is instructed to present the originals of the contested documents to this court, in camera, for this determination. The motion for nonsuit is denied.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT